DECISION
Plaintiffs appealed the real market value (RMV) of certain real property identified in the assessor's records as R1001481 for the 2009-10 tax year. A preliminary hearing in the matter was held April 21, 2010, by telephone. Cathleen M. Gibbs (Gibbs) appeared for Plaintiffs. Jack Graff, Appraisal Supervisor, and Pat Sheleny, Appraiser, appeared for Defendant.
 I. STATEMENT OF FACTS
The subject property is a four-plex Plaintiffs purchased in August 2008. Plaintiffs paid $405,000 for the property. Plaintiffs believe that the value of the property has declined since their acquisition. The RMV on the assessment and tax rolls for the subject property, as of January 1, 2009 (the assessment date for the 2009-10 tax year[1]), is $486,650. (Ptfs' Compl at 2.) Plaintiffs have requested a reduction in value to their $405,000 purchase price. (Id. at 1.)
Plaintiffs did not appeal to the county board of property tax appeals (BOPTA) before appealing to this court. Their Complaint was filed with the Tax Court March 24, 2010. Defendant in its Answer requested that the case be dismissed because it was not timely filed and *Page 2 
Plaintiffs are "not aggrieved per ORS 305.275(1)(a)." (Def's Answer at 1.) The court addressed Defendant's dismissal request at the April 21, 2010, proceeding.
 II. ANALYSIS
Oregon has a structured property tax appeals system that begins with a petition to the local county BOPTA after the tax statement arrives each year in October and before December 31. ORS 311.250(1)[2] (requiring the county tax collector to mail tax statements "on or before October 25 in each year"), ORS 309.026(2) (authorizing BOPTA to hear petitions for value reduction requests) and ORS 309.100(2) (providing for an appeal "following the date the tax statements are mailed for the current tax year and ending December 31").
A taxpayer unhappy with the BOPTA decision can appeal to this court within 30 days of the date the BOPTA order is mailed. ORS 309.110(7) (providing for an appeal of the BOPTA order "to the magistrate division of the Oregon Tax Court"); ORS 305.280(4) (requiring that the appeal "be filed within 30 days after the * * * date of mailing of the order").
Plaintiffs missed the first step in the process by not petitioning BOPTA before the December 31, 2009, deadline.
There is limited statutory authority for the court to order a reduction in the value of a separate assessment of property where the taxpayer does not properly pursue the statutory right of appeal set forth above, provided one of two requirements set forth in ORS 305.288 is satisfied. The first is where a taxpayer asserts, and the court determines, "that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent." ORS 305.288(1)(b).[3] Plaintiffs in *Page 3 
this case have not asserted a 20 percent error in the RMV of their property. The RMV on the rolls is $486,650 and Plaintiffs are seeking a reduction to $405,000. The difference in value is $81,650, which amounts to an alleged error of 16.78 percent.
The second situation in which the Tax Court can order a reduction in value is where the taxpayer has "good and sufficient cause" for not petitioning BOPTA before coming to the Tax Court. Good and sufficient cause is defined in the statute as "an extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer * * * to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). In this case, Gibbs candidly admitted that she did not really pay attention to the tax statement when it arrived in the fall of 2009, but simply put it away for payment in May 2010, which is when Plaintiffs pay their property taxes (even though that is beyond the due date for payment of taxes). When probed further by the court, Gibbs stated that she received a letter from a company in California saying that properties in the area of Plaintiffs' four-plex were overassessed and that they would be willing to represent Plaintiffs in an appeal seeking a reduction in value. It was only then that Gibbs reviewed the tax statement for the subject property and concluded that the RMV was higher than she believed it should be.
ORS 305.288(5)(b)(B) provides that good and sufficient cause "[d]oes not include inadvertence, oversight, [or] lack of knowledge." Gibbs' action in initially setting the tax statement aside without any analysis to determine whether she agreed or disagreed with the values reflected therein falls into the category of inadvertence or oversight. Accordingly, Plaintiffs do not satisfy the good and sufficient cause standard.
 III. CONCLUSION
The court concludes that Defendant's request for dismissal should be granted because Plaintiffs did not file a petition with BOPTA before appealing to the Tax Court and they do not meet the provisions in ORS 305.288 that allow the court to consider an appeal notwithstanding *Page 4 
the procedural irregularity because they have not alleged an error in RMV of at least 20 percent and they do not have "good and sufficient cause" for not petitioning BOPTA before coming to the court. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal is granted.
Dated this ___ day of May 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This Decision was signed by Magistrate Dan Robinsonon May 28, 2010. The court filed and entered this Decisionon May 28, 2010.
[1] Under Oregon law, the "tax year" is a fiscal year beginning on July 1 and ending 12 months later on June 30 (e.g., July 1, 2009 through June 30, 2010). ORS 308.007(1)(c). The "assessment date" for a given tax year is six months prior to the commencement of the tax year on January 1. ORS 308.007(1)(a), ORS 308.210. Thus, for example, the assessment date for the 2009-10 tax year was January 1, 2009, and the tax year began six months later on July 1, 2009.
[2] All references to the Oregon Revised Statutes (ORS) are to 2007.
[3] To withstand a motion for dismissal, the taxpayer need only allege a 20 percent error in value. If that threshold allegation is made, the taxpayer is given further opportunity to prove the allegation to the court's satisfaction. In other words, the 20 percent error provision entails a two-step process: (1) a 20 percent error allegation; (2) proof of a 20 percent error. *Page 1